UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | 5:26-cv-01888-HDV-ACCV | | Date | April 24, 2026 |
| Title | *Franco Guzman Lopez v. Facility Administrator et al.* | | | |

Present: The Honorable    Hernán D. Vera, United States District Judge

| Daniel Torrez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER [2]**

Petitioner Franco Guzman Lopez filed a Petition for Writ of Habeas Corpus ("Petition") on April 16, 2026. [Dkt. 1]. Petitioner filed an *Ex Parte* Application for Temporary Restraining Order ("Application") on the same day. [Dkt. 2]. Petitioner alleges he was detained on March 15, 2026 "immediately upon his release from local criminal custody at the Santa Barbara County jail." Petition at 8. Neither the Petition, the Application, nor Respondents' Response provide any additional information about this arrest or Petitioner's other criminal history (if any). Petitioner has lived in the U.S. for "an extended period of time" and is a beneficiary of Deferred Action for Childhood Arrivals ("DACA") through at least August 21, 2027. Petition at 7. On April 7, 2026, Petitioner was denied a substantive bond hearing because the Immigration Judge ("IJ") determined that he lacks jurisdiction because Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) (INA § 235(b)). *Id.* at 8. Petitioner did not receive an "individualized determination that he poses a danger to the community or a risk of flight." *Id.*

Petitioner requests the Court to "order Respondents to provide Petitioner with a prompt custody hearing before an Immigration Judge pursuant to INA § 236(a)," *i.e.*, 8 U.S.C. § 1226(a), "in a constitutionally adequate proceeding at which the government bears the burden of demonstrating by clear and convincing evidence that continued detention is justified." Application at 5. "In the alternative should Respondents fail to provide such a hearing within a time certain set by the Court, Petitioner requests immediate release from custody." *Id.*

Respondents filed a response on April 23, 2026 stating that "Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*[.]" Response

| | | |
|---|---|---|
| Page 1 of 3 | CIVIL MINUTES – GENERAL | Initials of Deputy Clerk DT |

[Dkt. 9] at 2.  As explained in more detail in this Court's prior orders in *De Rosas Gutierrez v. Semaia*, No. 5:26-cv-01181-HDV-ACCV, 2026 WL 916773 (C.D. Cal. Mar. 27, 2026) and *Sanchez Arcos v. Semaia*, No. 2:26-cv-01975-HDV-AYP, [Dkt. 13] (C.D. Cal. Apr. 6, 2026), the Court applies the *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008) factors and finds that Petitioner has shown both a probability of success on the merits and numerous forms of irreparable harm, and on that basis concludes that emergency relief is needed to maintain the status quo.

Despite Respondents' recognition that Petitioner is eligible for a bond hearing under § 1226(a), they have failed to provide him with that bond hearing, either before or promptly after detention.  *See* Response at 2.  Instead, Respondents have detained Petitioner without any process for over a month under the guise that he is subject to mandatory detention under § 1225(b).  Petitioner's continued detention without a bond hearing is clearly in violation of the law.  Moreover, Respondents have identified no valid basis for Petitioner's continued detention.  Release—not a post-hoc bond hearing—is the only appropriate remedy.  *See Sanchez Arcos*, [Dkt. 13] at 4.[1]

The Court therefore grants Petitioner's Application as follows:

- Respondents are ordered to release Petitioner from custody forthwith, with no additional conditions of supervision, including no additional bond conditions and no electronic monitoring.

- Respondents are enjoined and restrained from re-detaining Petitioner without immediately providing him with a pre-deprivation bond hearing.[2]

---

[1] Consistent with the Court's reasoning in *De Rosas Gutierrez* and *Sanchez Arcos*, the Court also finds that the *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) factors strongly favor Petitioner's release and his entitlement to a hearing before he may be re-detained.

[2] At any such hearing, consistent with Ninth Circuit precedent, the government will bear the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022); *Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) ("At the outset of its decision, the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [the detainee] is a danger to the community."); *id.* at 786 (reiterating that "due process requires . . . the government to prove dangerousness or risk of flight by clear and convincing evidence") (citing *Singh v. Holder*, 638 F.3d 1196, 1200, 1205 (9th Cir. 2011), *abrogated on other grounds as recognized by Rodriguez Diaz*, 53 F.4th at 1202); *Al-Sadeai v. U.S. Immigr. & Customs Enf't*, 540 F. Supp. 3d 983, 990–91 (S.D. Cal. 2021) (discussing Ninth Circuit precedent establishing the government's burden and finding the IJ's placement of the burden of proof on detainee violated the Due Process Clause); *Balwan v. Bondi*, 2026 WL 497098, at *9 (W.D. Wash. Feb. 23, 2026) (surveying circuit caselaw and concluding that the government should bear the burden); *Vazquez v. Mattos*, 2026 WL 658896, at *2 (D. Nev. Mar. 9, 2026) (requiring the government to bear the burden) (citing *Singh* and *Martinez*); *Lima v. Wofford*, 2025 WL 3535009, at *4 (E.D. Cal. Dec. 10, 2025) ("The statute is silent on the burden of proof required in a bond hearing under § 1226(a). However, the Ninth Circuit has squarely ruled that due process requires that the Government bear the burden at a § 1226(a) bond hearing of justifying detention by clear and convincing evidence.") (citing *Singh*, 638 F.3d at 1203-06); *Mendoza v. Noem, et al.*, 2026 WL 683180, at *8-*9 (E.D. Cal. Mar. 11, 2026) (analyzing Ninth Circuit cases to find that the holding in *Singh* placing the burden on the government should still be followed).

---

- Respondents are ordered to disseminate this Order to the immigration agents in charge of processing Petitioner, to place a copy of this Order in the Petitioner's A-File, and to provide Petitioner with a physical copy of this Order.

- The parties are ordered to file, **by April 27, 2026**, a joint report regarding the status of compliance with this Order.

Any issues remaining in this matter are referred to Magistrate Judge Angela C. C. Viramontes for consideration.

**IT IS SO ORDERED.**